O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DENSON,<br><br>          Petitioner,<br><br>    vs.<br><br>RICHARD B. IVES, WARDEN,<br><br>          Respondent. | CASE NO. CV 14-04473 DDP (RZ)<br><br>ORDER SUMMARILY DISMISSING HABEAS PETITION AS DISGUISED SECTION 2255 MOTION |

The Court will dismiss this 28 U.S.C. § 2241 habeas petition summarily. The petition seeks relief only available, if at all, pursuant to a 28 U.S.C. § 2255 motion in the sentencing court, which is in the Northern District of Florida. Petitioner challenges his sentencing, largely based on 2000 Ninth Circuit decision that was itself overruled in 2002. He has raised several similar challenges before, all unsuccessfully.

## I.

## BACKGROUND AND THE CURRENT PETITION

Petitioner James Denson is a federal prisoner at Adelanto, in this judicial district. He challenges his 1991 sentence in the Northern District of Florida to 660 months of imprisonment for cocaine trafficking. *See* Ex. B to Mtn. To Dismiss (MTD) (R&R of April 19, 2006 in N.D. Fla. case nos. 4:90cr4051-WS and 4:06cv16-WS/WCS) (urging

denial of Petitioner's § 2255 motion). The Eleventh Circuit affirmed in 1993. *See id* (R&R at 1). In the two decades since his direct review ended, Petitioner has presented the following two § 2255 motions, at which times he asserted, or could have asserted, the arguments he makes now:

* He filed his first § 2255 motion in 1997, some four years after his conviction became final. Although the available record does not reflect what arguments he asserted, the trial rejected the motion on the merits. The trial court denied a Certificate of Appealability (COA) and leave to appeal *in forma pauperis* (IFP). The Eleventh Circuit soon dismissed his appeal. *See id*. (R&R at 2-3).

* Nine years passed. Petitioner filed a second § 2255 motion in 2006. Because the jury in his case made no finding of the drug type or quantity involved, he argued that he was entitled to a reduced (less-enhanced) sentence based on *United States v. Booker*, 543 U.S. 220 (2005), and related cases. *See id*. (R&R at 1-2, 5). *Booker* was based on the doctrine of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond reasonable doubt." *Id*. at 490. The trial court denied Petitioner's 2006 motion as successive. Petitioner sought to appeal, but the trial court again denied a COA and IFP status on appeal. *See* Ex. A (docket in trial court case) to MTD (ECF 600, 602). The Eleventh Circuit denied a COA. *Id*. (ECF 617).

Now invoking § 2241 instead of § 2255, Petitioner returns to the *Apprendi*-based argument that he unsuccessfully presented in the trial court and the Eleventh Circuit. He relies almost exclusively on *United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000), *overruled by United States v. Buckland*, 289 F.3d 558 (9th Cir. 2002) (en banc). In *Nordby*, a direct review case, the pre-*Apprendi* jury that convicted Kayle Nordby of marijuana trafficking made no finding about the quantity of drugs involved. Instead, as was common prior to *Apprendi,* the district judge made a drug-quantity finding himself – and, based on that finding, enhanced Nordby's sentence. The Ninth Circuit vacated and

- 2 -

1 remanded for resentencing based on *Apprendi*. Petitioner claims that "*Nordy*'s intervening
2 change in substantive law renders him actually innocent" of the crimes for which he was
3 convicted. (As noted below, it is an overstatement at best to suggest that a convict who
4 receives an overly-enhanced sentence is therefore "actually innocent" of any crime.) But
5 as noted above, the Ninth Circuit changed its mind two years later *en banc*, expressly
6 overruling *Nordby* in the *Buckland* case. In the same year, the Ninth Circuit also held that
7 *Apprendi* relief was confined to direct review – and was unavailable retroactively to
8 petitioners, like the petitioner in this case, seeking collateral relief. *Reynolds v. Cambra*,
9 290 F.3d 1029, 1030 (9th Cir. 2002).

## II.

## DISCUSSION

28 U.S.C. § 2255 generally provides the sole procedural mechanism by which a federal prisoner may test the legality of his detention. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). That section bars courts from entertaining most habeas petitions where "it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief[.]" In light of this rule, the statute on its face appears to bar the present action.

Section 2255, however, permits resort to a 28 U.S.C. § 2241 petition when a § 2255 motion is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. This clause is sometimes referred to as the "escape hatch" to § 2255's exclusivity provision. *Lorentsen*, 223 F.3d at 953.

The escape hatch rarely opens. A § 2255 motion cannot and should not be viewed as "inadequate" merely because the sentencing court has denied relief on the merits. *Id*. Any contrary ruling would nullify the statute's gatekeeping provisions, and Congress then would have accomplished little in its attempts to limit federal collateral review in passing laws such as the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"). *See Triestman v. United States*, 124 F.3d 361, 374-76 (2nd Cir. 1997) (discussing Congressional intent to narrow collateral attacks).

> "Along with many of our sister circuits," the Ninth Circuit has explained, we have held that a § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.

*Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (collecting cases).[1] The Fourth

---

[1] Those courts which have found that a § 2255 motion would be "ineffective" or "inadequate" have done so when, due to unusual circumstances, the absence of any avenue for collateral review would raise serious constitutional questions. An example is the series of cases arising in the wake of *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995). *See Sustache-Rivera v. United States*, 221 F.3d 8, 16 n.13 (1st Cir. 2000) ("The case law has come from the courts of appeals in the context of determining when the savings clause should apply, mainly in the wake of *Bailey*.").

In *Bailey*, the Supreme Court held that a defendant charged with "using" a firearm in violation of 18 U.S.C. § 924(c) cannot be convicted on that charge unless he actively employed the weapon. 516 U.S. at 150. Prior to *Bailey*, many circuits upheld convictions under 18 U.S.C. § 924(c) upon a showing of something less than "active employment" of the firearm. The Ninth Circuit, for example, affirmed convictions under § 924(c) upon a showing of mere possession. *United States v. Torres-Rodriguez*, 930 F.2d 1375, 1385 (9th Cir. 1991), *abrogated by Bailey, supra*. Following *Bailey*, many prisoners who already had filed unsuccessful, pre-*Bailey* § 2255 motions filed § 2241 petitions seeking to overturn their convictions. A few courts have allowed those prisoners to proceed on their § 2241 petitions on the grounds that these prisoners could not have raised their claims of innocence in an effective fashion at an earlier time, and that serious due process questions would arise if Congress were to close off all avenues of redress in such cases. *See, e.g., Triestman, supra,* 1124 F.3d at 379; *In re Hanserd*, 123 F.3d 922, 929-930 (6th Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997); *United States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir. 1997).

One such avenue for redress is a motion to correct the sentence under 28 U.S.C. § 2255, solely in the sentencing court. A successive motion under § 2255 may be entertained only based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255. (Claims under *Bailey* cannot form the basis of a successive § 2255 motion because *Bailey* construed a statute, not the Constitution.
(continued...)

Circuit employs a similar test, opening the escape hatch when (1) a change in substantive law occurs, after the petitioner's direct appeal and first § 2255 motion, "such that the conduct of which the petitioner was convicted" would no longer "be criminal," and (2) the prisoner cannot qualify for the Court of Appeals' authorization for another § 2255 motion, *see* 28 U.S.C. § 2244(b)(3)(A), because the new rule is not one of *constitutional* law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Here, the hatch remains firmly shut. Petitioner satisfies neither of the two criteria for opening it. First, his labelings aside, Petitioner does not claim he is actually innocent of drug trafficking. Rather, he claims that he received an enhanced sentence that, under current *Apprendi*/*Booker* doctrine, he would not receive today. Second, he plainly has had an "unobstructed procedural shot" at asserting this sort of claim – and did make it, in 2006 in the trial court and Eleventh Circuit in 2006. Finally, as noted above, *Apprendi*-doctrine relief is unavailable on collateral relief. *Reynolds*, *supra*, 290 F.3d at 1030. With the hatch shut, this Court lacks jurisdiction and must dismiss.

### III.
### CONCLUSION

For the foregoing reasons, the action is DISMISSED without prejudice to Petitioner's pursuit of relief in the Northern District of Florida, the Eleventh and Ninth Circuit Courts of Appeals and the Supreme Court.

DATED: November 19, 2014

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
Therefore, some courts have held, the escape hatch opens, because a serious due process concern would arise if no mechanism exists to adjudicate the claim. *See United States v. Brooks*, 230 F.3d 643, 647-48 (3rd Cir. 2000) (collecting cases).)